## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| BRADLEY FEHRLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 4:22-cv-00232-RSB-CLR |
| THE MAYOR AND ALDERMEN | ) | |
| OF THE CITY OF SAVANNAH, | ) | JURY TRIAL DEMANDED |
| CHATHAM COUNTY, and ROBIE | ) | |
| WALP, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Bradley Fehrle ("plaintiff" or "Mr. Fehrle") brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 to enforce his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and pursuant to Georgia law, against defendants The Mayor and Aldermen of the City of Savannah, Chatham County, and Robie Walp.[1]

---

[1] Plaintiff is filing this Amended Complaint to correct a misnomer in the original complaint (Doc. 1): the municipal defendant was identified as "City of Savannah" but the correct legal name is "The Mayor and Aldermen of the City of Savannah". The original Complaint was filed on October 4, 2022, no responses to the lawsuit have been filed by any defendant, and this amendment is timely and proper under Rule 15.

## INTRODUCTION

1.

This is a civil action asserting claims under Federal and State law arising from the unlawful arrest, detention and prosecution of the plaintiff caused by the willful and wrongful acts of the defendants. Plaintiff demands a jury trial and seeks an award of economic, compensatory, and punitive damages, as well as an award of attorneys' fees and litigation costs.

## PARTIES

2.

Plaintiff is a citizen of the State of Georgia residing in Chatham County, Georgia.

3.

The Mayor and Aldermen of the City of Savannah (hereinafter "Savannah" or "City") is a legal entity and a political subdivision of the State of Georgia. It is located in Chatham County, Georgia.  Savannah may be served with summons and process by and through Mayor Van R. Johnson, II at 2 East Bay Street Savannah, Georgia 31401. The City is subject to the jurisdiction of this Court.

4.

Upon information and belief, Savannah has purchased liability insurance to

protect the City and its employees for damages arising from acts or omissions of its law enforcement officials committed during the course and scope of their employment.

5.

Savannah has waived sovereign immunity up to the limits of its liability insurance and may thus be held liable for the acts and omissions of its law enforcement officials under Georgia law.

6.

Plaintiff properly served an Ante Litem notice upon Savannah in July 2022.

7.

Chatham County is a legal entity and a political subdivision of the State of Georgia. It is located in Chatham County, Georgia. Chatham County may be served with summons and process by and through County Chairman Chester A. Ellis, at 124 Bull Street, Suite 210, Savannah, Georgia 31401. The County is subject to the jurisdiction of this Court.

8.

Upon information and belief, Chatham County has purchased liability insurance to protect the County and its employees for damages arising from acts or omissions of its officials and employees committed during the course and scope of

their employment.

9.

Chatham County has waived sovereign immunity up to the limits of its liability insurance and may thus be held liable for the acts and omissions of its law enforcement officials under Georgia law.

10.

Plaintiff properly served an Ante Litem notice upon Chatham County in July 2022.

11.

Robie Walp ("Officer Walp") is a resident of Chatham County, Georgia and is subject to the personal jurisdiction of this Court.  Officer Walp may be personally served Summons and a copy of the Complaint at his last known place of residence 317 Symons Street, Pooler, Georgia 31322.

12.

At all times relevant to this action, Officer Walp was acting under color of state law and within the scope of his discretionary functions as a duly sworn, certified law enforcement officer employed by the Savannah-Chatham Metropolitan Police Department and/or the Savannah Police Department.

## JURISDICTION AND VENUE

### 13.

This Court has jurisdiction over this mater pursuant to 28 U.S.C. § 1331 and the Fourth and Fourteenth Amendments of the Unites States Constitution. This Court has supplemental jurisdiction over the plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

### 14.

Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1), because the defendants reside within the Southern District of Georgia, Savannah Division.

## JURY DEMAND

### 15.

Pursuant to the Seventh Amendment of the United States Constitution and other applicable Federal and State law, plaintiff requests a jury trial on all issues and claims in this Complaint.

## FACTUAL ALLEGATIONS

### 16.

At approximately 3:00 p.m. on August 21, 2016 plaintiff was driving down East Anderson Street in Savannah with his friend Shannon Diane Bailey ("Ms. Bailey") sitting in the passenger seat.

17.

Plaintiff and Ms. Bailey were both wearing their seatbelts.

18.

Plaintiff had a seizure while driving and lost control of his vehicle.

19.

Plaintiff was 100% incapacitated as the car rapidly accelerated.

20.

Ms. Bailey tried to grab the wheel to wrest control of the car but was unsuccessful. The vehicle flipped over multiple times before coming to rest in front of 1239 East Anderson Street, Savannah, Georgia 31404.

21.

Plaintiff's vehicle sustained catastrophic damage as a result of the accident:



(Post-Accident Vehicle Photograph).

22.

Ms. Bailey was pronounced dead at the scene and plaintiff suffered serious, life-threatening injuries.

23.

Plaintiff was completely unconscious when paramedics transported him to Memorial Health University Medical Center.

24.

Plaintiff was suffering from numerous serious injuries including but not limited to subdural hematoma and fractures of his ribs, back, neck, and clavicle.

25.

Immediately upon arrival at Memorial Health University Medical Center the medical staff intubated plaintiff and administered a number of medications in their efforts to try and save his life. Those medications included Fentanyl and Midazolam.

26.

At the time plaintiff was non-responsive and had no control over medical decision-making.

27.

As documented in the hospital records, the decision to administer Fentanyl and Midazolam was made by hospital staff at 3:36 p.m. and the medications were

administered to Mr. Fehrle several minutes later at 3:42 p.m.:



| Memorial Health University Medical Center Revenue Location | FEHRLE,BRADLEY PHILLIP |
| ROI MAR Report | MRN: |
| | DOB:          Sex: M |
| | Acct # |
| | Adm: 8/21/2016, D/C: 8/30/2016 |

**University Medical Center**

All Meds and Administrations  (continued)

| | Status: Discontinued (Past End Date/Time), |
| sodium chloride 0.9% IV bolus [32133654] | Reason: Other |

Ordering Provider: Allen, John, MD
Ordered On: 08/21/16 1534                     Frequency: Code/trauma continuous med

| Action Time | Action | Dose | Route | Other Information |
|---|---|---|---|---|
| 08/21/16 1534 | New Bag | 1,000 mL | Intravenous | Given by: Beecher, Geoffrey, RN |

| fentaNYL (SUBLIMAZE) 50 mcg/mL injection [32133661] | Status: Completed (Past End Date/Time) |

Ordering Provider:
Ordered On: 08/21/16 1536                     Starts/Ends: 08/21/16 1536 - 08/21/16 1542
Dose (Remaining/Total): - (0/1)                 Frequency: -
Route: -                                        Rate/Duration: - / -
Admin Instructions: RODRIGUEZ RN, SANDR:        Note to pharmacy: RODRIGUEZ RN, SANDR:
cabinet override                                cabinet override

| Action Time | Action | Dose | Route / Site / Linked Line | Other Information |
|---|---|---|---|---|
| 08/21/16 1542 | Given | 100 mcg | | Given by: Beecher, Geoffrey, RN |

| midazolam (VERSED) 1 mg/mL injection [32133662] | Status: Completed (Past End Date/Time) |

Ordering Provider:
Ordered On: 08/21/16 1536                     Starts/Ends: 08/21/16 1536 - 08/21/16 1542
Dose (Remaining/Total): - (0/1)                 Frequency: -
Route: -                                        Rate/Duration: - / -
Admin Instructions: RODRIGUEZ RN, SANDR:        Note to pharmacy: RODRIGUEZ RN, SANDR:
cabinet override                                cabinet override

| Action Time | Action | Dose | Route / Site / Linked Line | Other Information |
|---|---|---|---|---|
| 08/21/16 1542 | Given | 5 mg | | Given by: Beecher, Geoffrey, RN |

(Memorial Health University Medical Center Medical Record).

28.

Several additional doses of Fentanyl and Midazolam were administered to plaintiff at the hospital on August 21, 2016.

-8-

29.

Plaintiff survived his injuries and was discharged from the hospital approximately nine (9) days after the accident.

30.

Officer Walp of the Savannah-Chatham Metropolitan Police Department took charge of investigating the August 21, 2016 fatal accident.[2]

31.

Plaintiff's toxicology results came back from the crime lab in November 2016 and confirmed that Mr. Fehrle had not been under the influence of alcohol.

32.

Plaintiff's toxicology results came back from the crime lab in November 2016 and confirmed that Mr. Fehrle had not been under the influence of marijuana, cocaine, or any illegal drugs.

---

[2] At the time of the August 21, 2016 accident Officer Walp was a member of the Savannah-Chatham Metropolitan Police Department ("SCMPD"), the primary law enforcement agency in Savannah and Chatham County. The SCMPD was a joint police force operated by the City and County pursuant to an intergovernmental agreement, and the policies and customs of the agency are attributable to both Savannah and Chatham County. The SCMPD dissolved on or about February 1, 2018 and the Savannah Police Department and Chatham County Police Department became separate entities.

33.

The GBI toxicology results indicated that plaintiff's blood sample was positive for Fentanyl and Midazolam, the medications that had been administered to Mr. Fehrle within minutes of his arrival at the ER.

34.

The tragic accident occurred at approximately 3:07 p.m.; Mr. Fehrle was admitted to Memorial Health University Medical Center at approximately 3:32 p.m.; Fentanyl and Midazolam were first administered to him at approximately 3:42 p.m.; and the relevant blood draw occurred thereafter.

35.

Plaintiff was not driving under the influence of drugs on August 21, 2016.

36.

No reasonable police officer could have looked at the available evidence and concluded that plaintiff had been driving under the influence of drugs.

37.

On or about November 7, 2016 Officer Walp prepared a report documenting the progress of his investigation and discussing the toxicology results:

7 November 2016

Today I received the final report from GBI. This was the Toxicology report on Mr. Fehrle. This was the results of this report:

GBI Case Number 2016-6004254

Results and Conclusions:

Drug Screen Results by:   Immunocassay

| Subm# | Drug Screen Classification | Result |
|---|---|---|
| 002A | blood-barbiturates | Negative |
| | blood-cannabinoids (marijuana) | Negative |
| | blood-certain benzodiazepines | Indicative |
| | blood-cocaine/cocaine metabolites | Negative |
| | blood-common opioids | Negative |

Drug Confirmation Results
Submission 002A
1)   Positive, midazolam, 0.11 mg/L (+/- 0.03 mg/L)
2)   Positive, fentanyl, 2.5 micrograms/liter (+/- 0.8 micrograms/liter)

The results of Mr. Fehrle's toxicology report indicate he was driving under the influence of Fentanyl and Midazolam. Fentanyl is a narcotic used in relieving pain and Midazolam is a sedative. In the process of this investigation I have obtained the medical records from when he was initially brought into the emergency room at Memorial Medical Center and the EMS report. Nowhere in either of these reports do they show that Mr. Fehrle was administered ANY midazolam or fentanyl.

(Officer Walp Report, November 7, 2016).

38.

Officer Walp's conclusion that the toxicology results and medical records proved that plaintiff was driving under the influence of Fentanyl and Midazolam is completely unsupportable.

39.

Officer Walp acted with actual malice when he pursued the prosecution of the plaintiff, despite the fact there was never probable cause to believe plaintiff had

committed a crime.

40.

Plaintiff was indicted on July 5, 2017 and charged with six crimes in Chatham County Superior Court: two counts of First Degree Vehicular Homicide (O.C.G.A. § 40-6-393); two counts of DUI Drugs (O.C.G.A. § 40-6-391); Reckless Driving (O.C.G.A. § 40-6-390); and Hit and Run (O.C.G.A. § 40-6-270).

41.

There was no arguable probable cause to believe that plaintiff had committed any of the crimes set forth in the indictment.

42.

The indictment would not have been returned but for Officer Walp's constitutionally deficient investigation, false statements, and false testimony.

43.

Plaintiff had suffered a medical emergency on August 21, 2016 and none of his conduct was criminal under Georgia law.

44.

A bench warrant issued and plaintiff was arrested on July 25, 2017 and booked into the Chatham County Detention Center.

45.

Mr. Fehrle had never been arrested before.

46.

Under normal circumstances plaintiff should have bailed out within a couple of days. However, false evidence was presented at the bond hearing that he was a drug addict, thief, and a danger to the community.

47.

Chatham County Superior Court Judge Bass issued an Order denying bail. Plaintiff was faced with the reality that he might be incarcerated for an indefinite period of time.

48.

Plaintiff is a gay man and he was subjected to cruelty at the hands of his fellow inmates and some of his jailers while incarcerated at the Chatham County Detention Center.

49.

Defendants wanted to keep plaintiff in jail where pressure could be exerted on him to take a plea deal.

50.

Plaintiff did not allow himself to be pressured into accepting a plea deal and

he refused to plead guilty to crimes he did not commit.

51.

Mr. Fehrle's criminal defense attorney vigorously defended him and disproved the false allegations that had been made at the bond hearing.

52.

Plaintiff was able to bond out of jail on January 29, 2018 after spending 188 days in the Chatham County Detention Center.

53.

Plaintiff would not have been incarcerated but for Officer Walp's malicious actions.

54.

Plaintiff spent 188 days in jail for crimes he did not commit.

55.

Plaintiff's criminal defense attorney ultimately proved to the prosecution that there was no reasonable basis to believe that Mr. Fehrle had committed the six crimes he was indicted for on July 5, 2017.

56.

The evidence showed that Mr. Fehrle had suffered a seizure while driving, and it was that unpredictable medical emergency that caused the August 21, 2016

accident.

57.

Rather than abandon the criminal case against the plaintiff, Officer Walp and the Chatham County District Attorney's Office sought a new indictment under a completely different legal theory. Using medical records that had been provided by Mr. Fehrle's criminal defense attorney the decision was made to continue prosecuting the plaintiff not because he had been driving under the influence of drugs, but because he was allegedly "driving a motor vehicle with a known seizure disorder without having taken his prescribed medication."

58.

A second indictment was issued against plaintiff on August 1, 2018 and he was charged by the Chatham County District Attorney's Office with two counts of First Degree Vehicular Homicide (O.C.G.A. § 40-6-393); two counts of Reckless Driving (O.C.G.A. § 40-6-390); and Hit and Run (O.C.G.A. § 40-6-270).

59.

There was no arguable probable cause to believe that plaintiff had committed any of the crimes set forth in the second indictment.

60.

The second indictment would not have been returned but for Officer Walp's

constitutionally deficient investigation, false statements, and false testimony.

61.

The allegation that Mr. Fehrle was "driving a motor vehicle with a known seizure disorder without having taken his prescribed medication" was completely false.

62.

Plaintiff had no family history of epilepsy.

63.

Prior to August 21, 2016, plaintiff had suffered one "possible" seizure.

64.

After that "possible" seizure, plaintiff had voluntarily started treating with a neurologist on February 16, 2016.

65.

Plaintiff had an MRI of his brain on March 21, 2016 and the results were normal.

66.

Plaintiff had an electroencephalogram (EEG) to test the electrical activity in his brain on April 26, 2016 and the results were normal.

67.

At the time of the August 21, 2016 accident plaintiff had never been diagnosed with a seizure disorder.

68.

At the time of the August 21, 2016 accident plaintiff was in compliance with his doctor's instructions and recommendations.

69.

At the time of the August 21, 2016 accident plaintiff had taken reasonable steps to take care of his health.

70.

At the time of the August 21, 2016 accident plaintiff had a valid Georgia driver's license.

71.

At the time of the August 21, 2016 accident the Georgia Department of Driver's Services had never taken any steps to try and revoke plaintiff's driver's license.

72.

At the time of the August 21, 2016 accident no physician had ever sought to legally limit plaintiff's driving privileges pursuant to O.C.G.A. § 40-5-35.

73.

Plaintiff was actively prosecuted until April 18, 2022 when the State of Georgia finally moved to dismiss the case against him.

74.

The prosecution was abandoned because there was insufficient evidence that plaintiff had committed the crimes alleged in the indictment.

75.

For 1,748 days Mr. Fehrle suffered the anxiety, stress, and humiliation of facing prosecution for heinous crimes he did not commit. His daily fear was that he might be wrongfully convicted and imprisoned for 15+ years.

76.

Following the dismissal of plaintiff's criminal case, an Open Records Act Request was sent to Chatham County on plaintiff's behalf on July 21, 2022. A true and accurate copy of the Open Records Act Request is attached hereto as Exhibit A.

77.

The Open Records Act Request was sent to gather information needed to effectively represent the plaintiff and determine the viability of potential legal claims that he might have arising from his arrest and prosecution.

78.

Chatham County responded to the Open Records Act Request on July 25, 2022. A true and accurate copy of the County's correspondence is attached hereto as Exhibit B.

79.

As of October 13, 2022, Chatham County has not produced a single document in response to the July 21, 2022 Open Records Act Request.

80.

Chatham County did not ask for clarification on what records were being requested. Beyond the original message sent over 2 months ago ("We will respond to you within 30 days."), the County has not provided any updates to plaintiff's counsel on the status of the response, and the County has not requested additional time to respond.

81.

Chatham County's failure to properly respond to the July 21, 2022 Open Records Act Request is a violation of Georgia law and O.C.G.A. § 50-18-70, et seq.

82.

Chatham County's failure to properly respond to the July 21, 2022 Open Records Act Request is without substantial justification.

83.

Chatham County's failure to properly respond to the July 21, 2022 Open Records Act Request has harmed plaintiff and impaired his ability to fully investigate and evaluate his potential legal claims.

84.

An Open Records Act Request was sent to Savannah on plaintiff's behalf on August 8, 2022. A true and accurate copy of the Open Records Act Request is attached hereto as Exhibit C.

85.

The Open Records Act Request was sent to gather information needed to effectively represent the plaintiff and determine the viability of potential legal claims that he might have arising from his arrest and prosecution.

86.

As of October 13, 2022, Savannah has not provided any response to the August 8, 2022 Open Records Act Request.

87.

As of October 13, 2022, Savannah has not produced a single document in response to the August 8, 2022 Open Records Act Request.

88.

Savannah's failure to properly respond to the August 8, 2022 Open Records Act Request is a violation of Georgia law and O.C.G.A. § 50-18-70, et seq.

89.

Savannah's failure to properly respond to the August 8, 2022 Open Records Act Request is without substantial justification.

90.

Savannah's failure to properly respond to the August 8, 2022 Open Records Act Request has harmed plaintiff and impaired his ability to fully investigate and evaluate his potential legal claims.

91.

The SCMPD and Savannah Police Department were charged with enacting and enforcing appropriate policies, procedures, protocols, and customs to ensure their officers were properly trained and supervised. Savannah failed in this regard by enacting policies, whether written or unwritten, that demonstrate deliberate indifference to plaintiff, thereby causing the herein complained of harm suffered by plaintiff, including one or more of the following failures:

a. Not properly training officers on the investigation of DUIs and/or serious accidents;

b. Training, encouraging, and/or allowing officers to charge individuals with crimes in the absence of probable cause;

c. Having wholly inadequate policies and processes in place for investigating and disciplining officers who have violated a suspect's constitutional rights; and

d. Such other policies and procedures as will be investigated during the discovery process, and ultimately shown by the evidence and proven at trial.[3]

92.

Savannah thereby demonstrated deliberate indifference to plaintiff's constitutional rights, as complained of herein, and the harm suffered is a direct result of the City's deliberate indifference and was foreseeable.

93.

The SCMPD was charged with enacting and enforcing appropriate policies, procedures, protocols, and customs to ensure its officers are properly trained and supervised. Chatham County failed in this regard by enacting policies, whether written or unwritten, that demonstrate deliberate indifference to plaintiff, thereby causing the herein complained of harm suffered by plaintiff, including one or more

---

[3] Plaintiff's ability to fully conduct a pre-litigation investigation of the facts necessary to support his *Monell* claims against Savannah and Chatham County has been hindered by the defendants' failure to properly respond to plaintiff's Open Records Act Requests.

of the following failures:

a. Not properly training officers on the investigation of DUIs and/or serious accidents;

b. Training, encouraging, and/or allowing officers to charge individuals with crimes in the absence of probable cause;

c. Having wholly inadequate policies and processes in place for investigating and disciplining officers who have violated a suspect's constitutional rights; and

d. Such other policies and procedures as will be investigated during the discovery process, and ultimately shown by the evidence and proven at trial.

94.

Chatham County thereby demonstrated deliberate indifference to plaintiff's constitutional rights, as complained of herein, and the harm suffered is a direct result of the County's deliberate indifference and was foreseeable.

### COUNT I: 42 U.S.C. § 1983
### (False Arrest - Officer Walp)

95.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 94 above as though fully set forth herein.

96.

This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the United States Constitution.

97.

At all times relevant to this action, Officer Walp was acting under color of state law and within the scope of his discretionary functions as an employee of Savannah.

98.

At all times relevant to this action, Officer Walp knew or should have known that no arguable probable cause existed to believe that plaintiff had committed First Degree Vehicular Homicide, a felony that carries a maximum penalty of fifteen (15) years imprisonment (O.C.G.A. § 40-6-393).

99.

At all times relevant to this action, Officer Walp knew or should have known that no arguable probable cause existed to believe that plaintiff had committed the crime of DUI Drugs (O.C.G.A. § 40-6-391).

100.

At all times relevant to this action, Officer Walp knew or should have known that no arguable probable cause existed to believe that plaintiff had committed the crime of Reckless Driving (O.C.G.A. § 40-6-390).

101.

At all times relevant to this action, Officer Walp knew or should have known that no arguable probable cause existed to believe that plaintiff had committed the crime of Hit and Run (O.C.G.A. § 40-6-270).

102.

Under the facts and circumstances alleged herein, an objectively reasonable law enforcement officer in Officer Walp's position would have known that no arguable probable cause existed to support the plaintiff's prosecution.

103.

At all times relevant to this action, the law was clearly established that Officer Walp's actions violated plaintiff's Fourth and Fourteenth Amendment rights.

104.

As a direct and proximate cause of Officer Walp's unlawful actions, plaintiff was seized and detained against his will and thereby suffered a severe loss of liberty in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, entitling plaintiff to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

105.

The actions described herein were willful, deliberate, and malicious, thereby

entitling plaintiff to an award of punitive damages against Officer Walp, in an amount to be determined by the enlightened conscience of the jury.[4]

### COUNT II: 42 U.S.C. § 1983
### (Malicious Prosecution - Officer Walp)

106.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 105 above as though fully set forth herein.

107.

This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

108.

At all times relevant to this action, Officer Walp was acting under color of state law and within the scope of his discretionary functions as an employee of Savannah.

109.

Plaintiff was seized and detained against his will in connection with his prosecution, said prosecution having been instituted with malice and without probable cause.

---

[4] Plaintiff is not seeking punitive damages from Savannah or Chatham County.

110.

The prosecution terminated in plaintiff's favor on April 18, 2022.

111.

Officer Walp knowingly and willfully instituted and maintained a criminal prosecution against plaintiff with malice and without probable cause.

112.

Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

113.

At all times relevant to this action, the law was established with obvious clarity that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

114.

As a direct and proximate result of the defendant's unlawful actions, plaintiff was seized and detained against his will and subjected to criminal prosecution in violation of his rights under the Fourth Amendments to the United States

Constitution.

115.

As a direct and proximate cause of the defendant's unlawful actions, plaintiff has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

116.

As a direct and proximate cause of the defendant's unlawful actions, plaintiff has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

117.

The actions described herein were willful, deliberate, and malicious, thereby entitling plaintiff to an award of punitive damages against Officer Walp, in an amount to be determined by the enlightened conscience of the jury.

## COUNT III: 42 U.S.C. § 1983
## (Monell Liability – City of Savannah)

118.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 117 above as though fully set forth herein.

119.

This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

120.

The policies and customs of Savannah and the SCMPD caused the plaintiff's unlawful arrest and prosecution. As such, the City is liable to the plaintiff under federal law. See, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018 (1978).

121.

As a direct and proximate cause of the City's policies and customs, plaintiff has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

122.

As a direct and proximate cause of the City's policies and customs, plaintiff has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT IV: 42 U.S.C. § 1983
## (Monell Liability - Chatham County)

### 123.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 117 above as though fully set forth herein.

### 124.

This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### 125.

The policies and customs of Chatham County and the SCMPD caused the plaintiff's unlawful arrest and prosecution. As such, the County is liable to the plaintiff under federal law. See, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018 (1978).

### 126.

As a direct and proximate cause of the County's policies and customs, plaintiff has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

### 127.

As a direct and proximate cause of the County's policies and customs, plaintiff

-30-

has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

### COUNT V: O.C.G.A. § 51-7-1
### (False Arrest - Officer Walp and Savannah)

128.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 117 above as though fully set forth herein.

129.

The wrongful acts and omissions of Officer Walp complained of herein were performed in the course and scope of his employment with Savannah.

130.

The acts and omissions of Officer Walp set forth herein caused the illegal arrest, detention, and prosecution of plaintiff with malice and without probable cause.

131.

Savannah is liable for the acts and omissions of its employee, Officer Walp, resulting in the illegal arrest, detention, and prosecution of Mr. Fehrle with malice and without probable cause.

132.

As a direct and proximate cause of the defendants' unlawful actions, plaintiff has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

133.

As a direct and proximate cause of the defendants' unlawful actions, plaintiff has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

134.

The actions described herein were willful, deliberate, and malicious, thereby entitling plaintiff to an award of punitive damages against Officer Walp, in an amount to be determined by the enlightened conscience of the jury.

### COUNT VI: O.C.G.A. § 51-7-3
### (Malicious Prosecution - Officer Walp and Savannah)

135.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 117 above as though fully set forth herein.

136.

The wrongful acts and omissions of Officer Walp complained of herein were performed in the course and scope of his employment with Savannah.

137.

The acts and omissions of Officer Walp set forth herein caused the illegal arrest, detention and prosecution of plaintiff with malice and without probable cause.

138.

Savannah is liable for the acts and omissions of its employee, Officer Walp, resulting in the illegal arrest, detention and prosecution of plaintiff with malice and without probable cause.

139.

The prosecution terminated in plaintiff's favor on April 18, 2022.

140.

As a direct and proximate cause of the defendants' unlawful actions, plaintiff has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

141.

As a direct and proximate cause of the defendants' unlawful actions, plaintiff

has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

142.

The actions described herein were willful, deliberate, and malicious, thereby entitling plaintiff to an award of punitive damages against Officer Walp, in an amount to be determined by the enlightened conscience of the jury.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Officer Walp and City of Savannah)

143.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 117 above as though fully set forth herein.

144.

Officer Walp's conduct towards plaintiff was without probable cause or legitimate purpose.

145.

Officer Walp's conduct towards plaintiff was extreme and outrageous.

146.

Officer Walp's conduct towards plaintiff was specifically intended to and did in fact cause plaintiff physical discomfort and suffering, terror, and great emotional

-34-

distress.

147.

Plaintiff has suffered substantial and continuing injuries as a direct and proximate result of Officer Walp's actions for which he is entitled to recover damages, as determined by the enlightened conscience of an impartial jury.

## COUNT VIII: NEGLIGENT RENTENTION AND TRAINING
## (City of Savannah)

148.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 147 above as though fully set forth herein.

149.

At all times relevant to this action, Officer Walp was acting under color of state law and within the scope of his employment with Savannah.

150.

Savannah negligently failed to properly train, retain, and supervise its employees, including Officer Walp, in the conduct of criminal investigation and in pursuing criminal prosecutions.

151.

As a direct and proximate cause of Savannah's unlawful actions, plaintiff has and will continue to incur economic damages including lost wages, loss of economic

opportunity, as well as other economic damages in an exact amount to be proven at trial.

152.

As a direct and proximate cause of Savannah's unlawful actions, plaintiff has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT IX: VIOLATIONS OF THE GEORGIA OPEN RECORDS ACT
### (O.C.G.A. § 50-18-70 et seq.; City of Savannah and Chatham County)

153.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 94 above as though fully set forth herein.

154.

As described herein, Chatham County's response to the July 21, 2022 Open Records Act Request is wholly sufficient and violates Georgia law.

155.

As described herein, Savannah's response to the August 8, 2022 Open Records Act Request is wholly sufficient and violates Georgia law.

156.

Pursuant to O.C.G.A. § 50-18-73, plaintiff is entitled to recover his reasonable

-36-

attorneys' fees and other litigation costs related to the Open Records Act Requests.

157.

Pursuant to O.C.G.A. § 50-18-74, plaintiff requests that the Court impose a civil penalty of $1,000.00 against Savannah and Chatham County for their blatant violations of the Georgia Open Records Act.

WHEREFORE, plaintiff respectfully requests the following relief:

A. That special damages be awarded to compensate the plaintiff for his economic injuries as a consequence of the defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

B. That compensatory damages be awarded against defendants to compensate the plaintiff for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of the defendants' actions in an amount to be determined by the enlightened conscious of the jury;

C. That punitive damages be awarded against Officer Walp in an amount to be determined by the enlighten conscious of the jury to deter him and others from similar misconduct in the future;

D. That a trial by jury be had on all issues wherein a jury trial is permitted under law;

E.  That attorneys' fees and expenses of litigation be awarded as authorized under 42 U.S.C. §1988;

F.  That attorneys' fees and expenses of litigation be awarded as authorized under O.C.G.A. § 13-6-11 because the defendants have acted in bad faith, been stubbornly litigious, and/or caused plaintiff unnecessary trouble and expense;

G.  That attorneys' fees and expenses of litigation be awarded as authorized under O.C.G.A. § 50-18-73;

H.  That the Court impose a civil penalty against Savannah and Chatham County as authorized by O.C.G.A. § 50-18-74;

I.  That prejudgment interest be awarded; and

J.  That the Court award such other relief as it deems just and proper.

Respectfully submitted this 13th day of October, 2022.

**THE ERICKSEN FIRM, LLC**


*/s/ Matthew A. Ericksen, Sr.*
**MATTHEW A. ERICKSEN, SR.**
Georgia Bar No.: 304088
*Attorney for Plaintiff*

708 Holcomb Bridge Road
Norcross, Georgia 30071
Phone: (404) 881-3543
Fax: (404) 892-8886
matthew@ericksenfirm.com

-38-