**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BRADLEY FEHRLE,<br><br>Plaintiff,<br><br>v.<br><br>THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, CHATHAM COUNTY, and ROBIE WALP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No.<br><br>4:22-cv-00232-RSB-CLR |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH AND ROBIE WALP'S MOTION TO DISMISS**

Plaintiff Bradley Fehrle ("plaintiff" or "Mr. Fehrle") hereby responds to Defendant the Mayor and Alderman of the City of Savannah and Robie Walp's Motion to Dismiss (Doc. 8), respectfully showing the Court as follows:[1]

## I. INTRODUCTION

This case arises from defendants' illegal and unconstitutional arrest and prosecution of Mr. Fehrle. The factual allegations are set forth with particularity in the Amended Complaint (Doc. 4). Essentially, plaintiff asserts that there was no actual or arguable probable cause justifying his arrest and prosecution in connection

[1] The Court extended the plaintiff's response deadline to January 16, 2023 (Doc. 12) so this response is timely.

with a fatal motor vehicle accident that occurred on August 21, 2016. Defendant Robie Walp ("Officer Walp") of the Savannah-Chatham Metropolitan Police Department was the primary investigating officer on the case.

Plaintiff was initially indicted on July 5, 2017 with First Degree Vehicular Homicide (O.C.G.A. § 40-6-393) and related crimes on the theory that he had been driving under the influence of drugs at the time of the accident. Those charges were ultimately superseded by a second indictment that still charged Mr. Fehrle with First Degree Vehicular Homicide (O.C.G.A. § 40-6-393) and related crimes, but this time on the theory that plaintiff had been "driving a motor vehicle with a known seizure disorder without having taken his prescribed medication."

Mr. Fehrle was actively prosecuted until April 18, 2022 when the State of Georgia finally moved to dismiss the case against him. Because of defendants' actions Mr. Fehrle was incarcerated for 188 days for crimes he did not commit. Because of defendants' actions Mr. Fehrle spent 1,748 days suffering the anxiety, stress, and humiliation of facing prosecution for crimes he did not commit.

Plaintiff asserts that he was 100% innocent of committing any crimes and he provided ante litem notice to Savannah and Chatham County in July 2022. Plaintiff notified both agencies of his intent to file a civil rights lawsuit against Savannah, Chatham County, and Officer Walp for violations of state and federal law. None of

the defendants made any settlement offers in response to the ante litem notice letters.

Thereafter, this civil action was filed on October 4, 2022 against the City of Savannah, Chatham County, and Officer Walp. (Doc. 1). The Amended Complaint was filed on October 13, 2022 to correct a misnomer issue, identifying the municipal defendant as The Mayor and Aldermen of the City of Savannah ("Savannah"). (Doc. 4).

Count I asserts a 42 U.S.C. § 1983 False Arrest claim against Officer Walp. Count II asserts a 42 U.S.C. § 1983 Malicious Prosecution claim against Officer Walp. Count III asserts a 42 U.S.C. § 1983 *Monell* claim against Savannah. Count IV asserts a 42 U.S.C. § 1983 *Monell* claim against Chatham County. Count V asserts a False Arrest claim under Georgia law against Officer Walp and Savannah. Count VI asserts a Malicious Prosecution claim under Georgia law against Officer Walp and Savannah. Count VII asserts a claim for Intentional Infliction of Emotional Distress under Georgia law against Officer Walp and Savannah. Count VIII asserts a claim for Negligent Retention and Training under Georgia law against Savannah. Count IX asserts claims for violations of the Georgia Open Records Act against Savannah and Chatham County.

Savannah and Officer Walp (collectively referred to hereinafter as "defendants") filed their Rule 12(b)(6) Motion to Dismiss on December 19, 2022.

(Doc. 8). Although styled as a Motion to Dismiss it would be more accurately characterized as a Partial Motion to Dismiss as the defendants have not sought dismissal of all claims against them. With two exceptions noted herein, plaintiff respectfully submits that defendants' motion is without merit and should be denied.[2]

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Motion To Dismiss Standard

Judge Hall has explained the Rule 12 motion to dismiss standard as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a defendant's Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555).
>
> At the same time, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." *Conley*

---

[2] Plaintiff concedes that the False Arrest claims under state and federal law (Counts I and V) are subject to dismissal.

> *v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see also *Kabir v. Statebridge Co.,* No. 1:11-cv-2747, 2011 U.S. Dist. LEXIS 109778, 2011 WL 4500050, at *2 (N.D. Ga. Sept. 27, 2011) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)). At this stage, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Hoffman-Pugh v. Ramsey,* 312 F.3d 1222, 1225 (11th Cir. 2002).

*Stefani v. City of Grovetown,* 2016 U.S. Dist. LEXIS 119179, * 11-12, 2016 WL 4611575 (S.D. Ga. 2016).

"A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a 'plausible' claim for relief. A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is 'improbable' that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely 'remote and unlikely.'" *Pombert v. Glock, Inc.,* 171 F. Supp. 3d 1321, 1328 (N.D. Ga. 2016) (citations omitted).

From the plaintiff's perspective the important overarching legal principles at play at this early stage of the litigation are (1) a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief, and (2) the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff.

B. Plaintiff's Federal Claims Against Officer Walp Are Not Barred By Qualified Immunity

Plaintiff respectfully submits that the Amended Complaint states a 42 U.S.C. § 1983 malicious prosecution claim against Officer Walp that is not barred by qualified immunity. Essentially, the Amended Complaint asserts that Officer Walp was in charge of investigating the August 21, 2016 accident and Mr. Fehrle was 100% innocent of any crimes set forth in both the first and second indictment. Taken as a whole, plaintiff's factual allegations easily surpass the plausibility threshold.

Plaintiff denies that he committed any crime and asserts that the accident occurred because he suffered a seizure while driving. The Amended Complaint explicitly alleges that "Plaintiff had suffered a medical emergency on August 21, 2016 and none of his conduct was criminal under Georgia law." (Doc. 4, ¶ 43). Defendants' response to this allegation in their Answer was not a denial but a statement that "[f]or want of sufficient information, Defendants can neither admit nor deny the allegations contained in Paragraph 43 of Plaintiff's Complaint." (Doc. 9, ¶ 43).

Plaintiff has explicitly alleged that "[t]here was no arguable probable cause to believe that plaintiff had committed any of the crimes set forth in the indictment" and "[t]he indictment would not have been returned but for Officer Walp's

constitutionally deficient investigation, false statements, and false testimony." (Doc. 4, ¶¶ 41-42). The Eleventh Circuit has long recognized that an arrest made without arguable probable cause violates the Fourth Amendment. *See, Skop v. City of Atlanta,* 485 F.3d 1130 (11th Cir. 2007) ("our binding precedent clearly established, at the time of Skop's arrest, that an arrest made without arguable probable cause violates the Fourth Amendment's prohibition on unreasonable searches and seizures.") (citations omitted).

Furthermore, the Eleventh Circuit has explicitly recognized the viability of § 1983 malicious prosecution claims and explained the elements of the claim:

> Our Court has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983. *See Uboh v. Reno,* 141 F.3d 1000, 1002-04 (11th Cir. 1998); *Whiting v. Traylor,* 85 F.3d 581, 584 (11th Cir. 1996); *Kelly v. Curtis,* 21 F.3d 1544, 1554-55 (11th Cir. 1994). To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution. *See Uboh,* 141 F.3d at 1002-04; *Whiting,* 85 F.3d at 584-86; *Kelly,* 21 F.3d at 1544, 1553-55. As to the constituent elements of the common law tort of malicious prosecution, this Court has looked to both federal and state law and determined how those elements have historically developed. *Uboh,* 141 F.3d at 1002-04; *Whiting,* 85 F.3d at 584-86. For example, in *Uboh*, this Court examined both federal law and Georgia law and indicated that, for purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution included: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused. 141 F.3d at 1004.

*Wood v. Kesler,* 323 F.3d 872, 881-882, (11th Cir. 2003).

The inadequacy of the defense argument is captured in the following assertions contained in defendants' memorandum:

> [Mr. Fehrle's] blood sample was provided to the Georgia Bureau of Investigation who issued a toxicology report indicating the presence of Fentanyl and Midazolam in Plaintiff's blood. Id. at 33.
>
> After receiving the positive toxicology screen, Officer Walp reviewed Plaintiff's medical records and did not find any indication that Plaintiff was administered Fentanyl or Midazolam while at the hospital. (Amended Complaint, ¶ 37). This evidence alone is clearly sufficient to establish at least arguable probable cause for the charges brought against Plaintiff. Although Plaintiff has alleged the existence of a medical record showing the administration of Fentanyl and Midazolam to Plaintiff following the incident, there is no allegation that Officer Walp was aware of such record at the time he concluded that Plaintiff was operating his vehicle while under the influence of drugs. In fact, Plaintiff has alleged that such medical record was not provided to the prosecution until after Plaintiff's indictment. Id. at ¶ 55.[3]

(Doc. 8-1, pages 7-8).

---

[3] Plaintiff respectfully submits that the defendants have failed to accurately quote/represent what is actually stated in the Amended Complaint. Defendants state that "Plaintiff has alleged that such medical record was not provided to the prosecution until after Plaintiff's indictment. Id. at ¶ 55." The actual allegation set forth in the pleading is "Plaintiff's criminal defense attorney ultimately proved to the prosecution that there was no reasonable basis to believe that Mr. Fehrle had committed the six crimes he was indicted for on July 5, 2017." (Doc. 4, ¶ 55). These statements are not the same and Paragraph 55 of the Amended Complaint makes no mention of medical records. At this stage of the proceedings the Court should accept as true all facts alleged in the Complaint and construe all reasonable inferences in the light most favorable to the plaintiff.

Plaintiff respectfully submits that defendants' argument misses the point. Mr. Fehrle has alleged (and shown) a document which proves that his medical records from the date of the accident, August 21, 2016, document that he was administered Midazolam and Fentanyl shortly after arriving at Memorial Health University Medical Center. (Doc. 4 ¶ 27). No reasonable law enforcement officer could review that medical record and conclude otherwise. In contrast, Officer Walp's report from November 7, 2016 states that "[i]n the process of this investigation I have obtained the medical records from when he was initially brought into the emergency room at Memorial Medical Center and the EMS report. Nowhere in either of these reports do they show that Mr. Fehrle was administered ANY midazolam or fentanyl." (Doc. 4 ¶ 37). It was largely that false conclusion that led to the plaintiff's prosecution and initial indictment for First Degree Vehicular Homicide.

As the Court is well aware, "[a]t this stage, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff." *Hoffman-Pugh v. Ramsey,* 312 F.3d 1222, 1225 (11th Cir. 2002). A reasonable inference from plaintiff's allegations is that Officer Walp had clearly exonerating documents in his possession, i.e. the complete hospital records from August 21, 2016, and he aggressively pursued Mr. Fehrle's prosecution regardless. At this stage of the proceedings it is at least plausible that Officer Walp

was 100% consciously aware of the exonerating information and nonetheless testified falsely and pursued the prosecution out of malice.

Taken as a whole, plaintiff's allegations are sufficient to allege that there was not even arguable probable cause supporting his prosecution and that is sufficient to overcome Officer Walp's qualified immunity defense.

C. Plaintiff Has Properly Stated Malicious Prosecution Claims Against Officer Walp and Savannah

As an initial matter, defendants' argument that any malicious prosecution claim arising from the first indictment is time-barred should be rejected. Defendants' argument is premised on the statement that "[t]he prosecution of Plaintiff's initial indictment based upon alleged driving under the influence ended at least prior to August 1, 2018 when the Chatham County District Attorney's Office obtained a second indictment 'under a completely different legal theory.' (Amended Complaint ¶¶ 57-58)." (Doc. 8-1, pages 8-9). This position is unsupportable.

As set forth in the MOTION TO NOLLE PROSEQUI attached hereto as Exhibit "A", the first criminal case number was not formally dismissed until March 27, 2019 and the reason for the dismissal was as follows: "THE CONDUCT IN THIS CASE HAS BEEN RE-INDICTED AND BEING PROSECUTED UNDER INDICTMENT SPCR18-01589-JI. THE STATE IS MOVING TO NOLLE

PROSEQUI AS THIS INDICTMENT HAS BEEN SUPERSEDED." (Exhibit "A", Motion to Nolle Prosequi).

It is not reasonable to posit that Mr. Fehrle's prosecution terminated in his favor on August 1, 2018 as the defense suggests. The Nolle Prosequi was not filed until March 27, 2019. Simply stated, Mr. Fehrle was facing First Degree Vehicular Homicide charges for the August 21, 2016 accident immediately prior to that date AND immediately after that date. The indictment was superseded and the allegations against the plaintiff were modified to comport with a new legal theory, but fundamentally Mr. Fehrle faced a continuous prosecution from the date the first indictment was returned until the criminal case was finally dismissed on April 18, 2022.

Hypothetically, if plaintiff had filed a malicious prosecution claim in 2020 the claim would have been futile because the prosecution had not terminated in Mr. Fehrle's favor at that time. Simply stated, plaintiff's malicious prosecution claims have been timely brought under state and federal law because the criminal proceedings against him did not terminate in his favor until April 18, 2022.

The other defense argument that "Plaintiff's malicious prosecution claims for the second indictment must also fail because the Amended Complaint fails to sufficiently allege that any act by Officer Walp contributed to the District Attorney's

decision to bring a second indictment against Plaintiff" (Doc. 8-1) should also be rejected. Plaintiff has alleged that (1) "Rather than abandon the criminal case against the plaintiff, Officer Walp and the Chatham County District Attorney's Office sought a new indictment under a completely different legal theory" (Doc. 4, ¶ 57), and (2) "The second indictment would not have been returned but for Officer Walp's constitutionally deficient investigation, false statements, and false testimony." (Doc. 4, ¶ 60). Clearly, plaintiff has alleged Officer Walp's connection to the second indictment and at this stage of the litigation the Court must accept those allegations as true for the purposes of weighing the merits of a Rule 12(b)(6) motion. Furthermore, the second indictment lists Officer Walp as the sole law enforcement witness in the case. (Exhibit "B", Second Indictment).

Another factor weighing against granting the present motion is the following very important distinction exists between False Arrest and Malicious Prosecution claims: "A false arrest claim requires a plaintiff to show that there was no probable cause to arrest him for 'any crime.' *Williams v. Aguirre,* 965 F.3d 1147, 1158 (11th Cir. 2020). A malicious prosecution claim requires a plaintiff to show that there was no probable cause for one or more of the charged offenses. *Id.*" *Doe v. Leach,* 829 Fed. Appx. 419, 422(1) (11th Cir. 2020). Thus, so long as there was a lack of arguable probable cause for even just one of the offenses Mr. Fehrle was charged

with plaintiff would have a viable Malicious Prosecution claim.

D. Plaintiff Has Asserted A Valid *Monell* Claim Against Savannah Under Federal Law

Defendants' contention that plaintiff's *Monell* liability claim against Savannah is defective boils down to the argument that plaintiff has not shown a constitutional harm because probable cause existed for his prosecution. For the reasons argued above, plaintiff respectfully submits that the Amended Complaint adequately asserts a lack of probable cause for the prosecution so this argument is without merit.

E. Plaintiff Has Valid Respondeat Superior Claims Against Savannah Under Georgia Law

Defendants have also argued that respondeat superior claims against Savannah fail as a matter of law because probable cause existed for plaintiff's prosecution. Plaintiff respectfully submits that the Amended Complaint adequately asserts a lack of probable cause for the prosecution so this argument is without merit.

Additionally, Savannah posits that any respondeat superior claim would be barred by sovereign immunity under Georgia law. This argument fails because Mr. Fehrle has alleged that "Upon information and belief, Savannah has purchased liability insurance to protect the City and its employees for damages arising from

acts or omissions of its law enforcement officials committed during the course and scope of their employment" and "Savannah has waived sovereign immunity up to the limits of its liability insurance and may thus be held liable for the acts and omissions of its law enforcement officials under Georgia law." (Doc. 4, ¶¶ 4-5). Plaintiff respectfully submits that he has clearly alleged a waiver of sovereign immunity and should be afforded the opportunity to use the discovery process to investigate the issue further. For all the foregoing reasons plaintiff respectfully submits that he has properly alleged a respondeat superior claim against Savannah.

F. Plaintiff Has A Valid Intentional Infliction of Emotional Distress Claim Against Savannah Under Georgia Law

Plaintiff respectfully submits that he has adequately asserted a claim for Intentional Infliction of Emotional Distress ("IIED") against both Savannah and Officer Walp. Savannah's argument is that "Plaintiff has failed to allege any 'extreme or outrageous' conduct by Savannah that could give rise to a claim for IIED. (Amended Complaint, ¶ 143-147). Instead, Plaintiff has alleged only that Officer Walp has engaged in such conduct. Accordingly, Plaintiff's IIED claim against Savannah must be dismissed pursuant to FRCP 12(b)(6)." (Doc. 8-1, page 11).

This defense argument is without merit. Under Georgia law Savannah is responsible for the torts of its employees committed within the course and scope of employment. Clearly, the Amended Complaint asserts that Officer Walp's actions were within the course and scope of employment so defendants' argument on the IIED claim fails. *See generally, Canberg v. City of Toccoa,* 255 Ga. App. 890 (2002) (Georgia Court of Appeals reversed a trial court ruling dismissing IIED claim against City of Toccoa on summary judgment; "The trial court granted summary judgment on this claim based on its determination that there was no evidence that the City directed any action or inaction toward the Canbergs. We cannot agree. When city firefighters arrived at the Canbergs' home, refused to help fight the fire despite being presented with evidence that the house was within the city limits and essentially accused the Canbergs of attempting to defraud the City by taking a city garbage can and placing it in their driveway, those actions (and failures to act) were directed at the Canbergs. Construing the evidence most strongly against the City as movants on motion for summary judgment, we conclude that a jury might reasonably consider the City's actions ;sufficiently outrageous and egregious to support an award of damages for intentional infliction of emotional distress.; Thus, the trial court erred in granting summary judgment to the City on the Canbergs' claim for intentional infliction of emotional distress.").

G. <u>Plaintiff Concedes That His False Arrest Claims Are Subject to Dismissal</u>

Plaintiff concedes the point that at all relevant times he was detained pursuant to legal process, and as such under Eleventh Circuit precedent his substantive claim is accurately characterized as a Malicious Prosecution claim as opposed to a False Arrest claim. As explained by the Eleventh Circuit:

> Given that Carter was arrested pursuant to a warrant, the district court properly concluded that Carter's only available claim against Gore under § 1983 was for malicious prosecution. In *Heck v. Humphrey,* the Supreme Court distinguished false arrest from malicious prosecution, stating, "unlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process." 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). The issuance of a warrant—even an invalid one as Carter alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest. *See Calero-Colon v. Betancourt-Lebron,* 68 F.3d 1, 4 (1st Cir. 1995) (holding adopted by the Eleventh Circuit in *Whiting v. Traylor,* 85 F.3d 581, 585 (11th Cir. 1996)); *see also Joyce v. Adams,* 2007 U.S. Dist. LEXIS 69667, 2007 WL 2781196, at *4 (S.D. Ga. Sept. 20, 2007) ("Regardless of the validity of the warrant, plaintiff's allegations support a § 1983 malicious prosecution claim rather than a § 1983 false arrest claim." (emphasis added)). In such circumstances, the Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir. 2003); *see also Joyce,* 2007 U.S. Dist. LEXIS 69667, 2007 WL 2781196, at *4 (recognizing malicious prosecution as a cognizable § 1983 claim).

*Carter v. Gore,* 557 Fed. Appx. 904, 906 (11th Cir. 2014).

Similarly, plaintiff concedes that his False Arrest claim under Georgia law is

subject to dismissal because his claim is more properly characterized as a Malicious Prosecution claim. As explained by the Georgia Court of Appeals:

> If a criminal process is sued out without probable cause and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after the arrest the warrant is dismissed or not followed up, the remedy is for malicious arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie.

*Garner v. Heilig-Meyers Furniture Co.,* 240 Ga. App. 780, 781-782 (1999).

## III. CONCLUSION

For all the foregoing reasons, with the exception of the False Arrest claims (Counts I and V of the Amended Complaint), plaintiff respectfully submits that defendants' motion is without merit and should be denied.

Respectfully submitted this 10th day of January, 2023.

**THE ERICKSEN FIRM, LLC**

*<u>/s/ Matthew A. Ericksen, Sr.</u>*
**MATTHEW A. ERICKSEN, SR.**
Georgia Bar No.: 304088
*Attorney for Plaintiff*

708 Holcomb Bridge Road
Norcross, Georgia 30071
(404) 909-4354
matthew@ericksenfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and accurate copy of the within and foregoing *PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH AND ROBIE WALP'S MOTION TO DISMISS* by e-filing the document into the CM/ECF filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Bradley M. Harmon
Taylor L. Dove
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048

R. Bates Lovett
Jennifer N. Herman
**OFFICE OF THE CITY ATTORNEY**
P.O. Box 1027
Savannah, Georgia 31402

R. Jonathan Hart
Andre Pretorius
**CHATHAM COUNTY ATTORNEY'S OFFICE**
P.O. Box 8161
Savannah, Georgia 31412

This 10th day of January, 2023.

**THE ERICKSEN FIRM, LLC**

*/s/ Matthew A. Ericksen, Sr.*
**MATTHEW A. ERICKSEN, SR.**
Georgia Bar No.: 304088
*Attorney for Bradley Fehrle*

708 Holcomb Bridge Road
Norcross, Georgia 30071
(404) 909-4354
matthew@ericksenfirm.com