UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRADLEY FEHRLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV422-232 |
| | ) |
| ROBIE WALP, THE MAYOR AND | ) |
| ALDERMEN OF THE CITY OF | ) |
| SAVANNAH,[1] and CHATHAM | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Bradley Fehrle's Emergency Motion to Stay Proceedings pending disposition of Defendants The Mayor and Aldermen of the City of Savannah ("Savannah") and Robie Walp's Motion to Dismiss, doc. 8. Doc. 24. After the Court temporarily stayed all deadlines in this case to afford all defendants an opportunity to respond

---

[1] Plaintiff named "City of Savannah" as a defendant in the original Complaint. Doc. 1 at 1. He subsequently filed an Amended Complaint naming "The Mayor and Aldermen of the City of Savannah" in its place. Doc. 4 at 1; *see also id.* at 1 n.1 ("Plaintiff is filing this Amended Complaint to correct a misnomer in the original complaint."). The Clerk is therefore **DIRECTED** to terminate "City of Savannah, Chatham County" as a defendant on the docket. *See Kean v. Bd. of Trustees of the Three Rivers Reg'l Libr. Sys.*, 321 F.R.D. 448, 451 (S.D. Ga. 2017) ("This Court does not cotton to namesmanship." (quotations and citation omitted)).

to Plaintiff's stay request, doc. 25, Defendant Chatham County responded in opposition, doc. 26, and Savannah and Walp responded in opposition, doc. 28. For the following reasons, Plaintiff's stay request is **DENIED**. Doc. 24.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery

pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Upon preliminary review, the Motion to Dismiss does not appear to be wholly meritless. *See generally* doc. 8 (Motion to Dismiss); doc. 8-1 (brief in support of Motion to Dismiss). Nevertheless, however meritorious, the motion will not dispose of the entire case because it only seeks dismissal of Plaintiff's claims against two of the defendants. *See* doc. 8-1 at 1, 11; *see also CSX Transp., Inc.*, 2014 WL 11429178, at *1. Further, discovery would not be "a mere futile exercise", since the parties have engaged in discovery since the Court entered its January 10, 2023

Scheduling Order, doc. 15.  *See Arenas v. Georgia Department of Corrections*, 2017 WL 1754770 at *3 (S.D. Ga. May 3, 2017).  Accordingly, Plaintiff's Emergency Motion to Stay Proceedings is **DENIED**.  Doc. 24.  Given this disposition, if the parties require extensions of the deadlines in the Scheduling Order, doc. 15, they are **DIRECTED** to move for any such extension no later than 14 days from the date of entry of this Order.  The Clerk is **DIRECTED** to lift the temporary stay.  *See* doc. 25 at 2.

    **SO ORDERED**, this 14th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA