IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRADLEY FEHRLE,<br><br>    Plaintiff,<br><br>v.<br><br>THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, and ROBIE WALP,<br><br>    Defendants. | CIVIL ACTION NO.: 4:22-cv-232 |

**O R D E R**

Presently before the Court is Defendants The Mayor and Alderman of the City of Savannah ("the City") and Robie Walp's Motion for Entry of Final Judgment. (Doc. 65.) Therein, Defendants, citing Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), ask the Court to enter final judgment on all claims against the City and certain claims against Walp. (Id.) For the reasons explained below, the Court **DENIES** Defendants' Motion. (Id.)

BACKGROUND

Plaintiff brought this action alleging he was unlawfully arrested, detained, and prosecuted following a motor vehicle accident on August 21, 2016, which occurred when he experienced a seizure while driving. (Doc. 4.) Plaintiff attributed his unlawful treatment to Defendant Walp's deficient investigation into Plaintiff's role in the collision and subsequent report in which Walp falsely stated that Plaintiff was under the influence of certain drugs at the time of the collision. (Id.) Plaintiff alleged eight counts against Walp and the City[1]: (a) false arrest against Walp under

---

[1] Plaintiff originally named Chatham County as a defendant to this case, alleging two counts: Monell liability and a violation of the Georgia Open Records Act. (Doc. 4, pp. 30–31, 36–37.) Chatham County

42 U.S.C. § 1983 ("Section 1983") (Count I) and O.C.G.A. § 51-7-1 (Count V); (b) malicious prosecution against Walp under 42 U.S.C. § 1983 (Count II) and O.C.G.A. § 51-7-40 (Count VI); (c) Monell liability against the City under 42 U.S.C § 1983 (Count III); (d) intentional infliction of emotional distress against Walp and the City (Count VII); (e) negligent retention and training against the City (Count VIII); and (f) violation of the Georgia Open Records Act against the City (Count IX). (Id. at pp. 23–37.)  Defendants then moved to dismiss, (doc. 8), which the Court granted in part, dismissing the false arrest claims against Walp, (doc. 49).

Defendants then moved for summary judgment on all remaining claims.  (Doc. 46.)  On March 29, 2024, the Court granted in part and denied in part Defendants' motion for summary judgment ("Order").  (Doc. 64.)  In the Order, the Court granted summary judgment on all claims asserted against the City.  (Id.)  The Order additionally granted summary judgment on all claims against Walp except Plaintiff's malicious prosecution claims pursuant to 42 U.S.C. § 1983 and Georgia state law.  (Id.)  Defendants have now filed a Motion for Entry of Final Judgment, arguing that, under Rule 54(b), an entry of final judgment is appropriate on all the dismissed claims.  (Doc. 65.)  Plaintiff filed a Response, objecting to Defendants' Motion and arguing that any appeal would be more appropriate following the resolution of the judiciable claims still pending in this Court. (Doc. 66.)

**DISCUSSION**

Defendants move for final judgment under Rule 54(b), which would make the dismissed claims immediately appealable if Plaintiff choses, arguing that "there is no just reason to delay entry of final judgment."  (Doc. 65, p. 2.)  Rule 54(b) "provides an exception to the general

---

was dismissed on August 24, 2023, leaving Walp and the City as the sole remaining defendants.  (Doc. 61.) Chatham County did not join in this Motion.  (See generally doc. 65.)

principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Specifically, Rule 54(b) permits a district court to certify "final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, partial adjudication of a case does not conclude the case, and the partial adjudication is generally not appealable. Id.; Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). Here, Plaintiff's malicious prosecution claims against Defendant Walp remain viable; thus, the Court's dismissal of the claims against the City and other claims against Walp did not "conclude" the case in its entirety. (Doc. 64.)

The Eleventh Circuit Court of Appeals has made clear that while the decision to certify a judgment is within the "sound judicial discretion of the district court," certification of a partial judgment is only appropriate in "unusual case[s]" and district courts are "counseled . . . to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 165–66 (quotations and alterations omitted). Specifically, the Eleventh Circuit has clarified that Rule 54(b) should be limited to cases "in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. at 166.

In deciding whether this balance favors certifying a partial final judgment, "[a] district court must follow a two-step analysis." Lloyd Noland Found., 483 F.3d at 777. "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Here, it is undisputed that the Court granted summary judgment as to all claims asserted by Plaintiff against the City and all claims

3

except malicious prosecution against Walp, Defendants seek Rule 54(b) certification on this basis. (Doc. 64; see also doc. 65.)  Accordingly, the Court's March 29, 2024, Order was unquestionably "final in the sense that it [was] an ultimate disposition of [ ] individual claim[s] entered in the course of a multiple claims action and a judgment in the sense that it [was] a decision upon [ ] cognizable claim[s] for relief." Lloyd Noland Found., 483 F.3d at 777 (citations and internal quotation marks omitted).  Therefore, the first step of the two-step Rule 54(b) analysis is satisfied. Hicks v. Middleton, No. 4:21-CV-003, 2022 WL 17491331, at *1 (S.D. Ga. Nov. 28, 2022).

Next, the Court must determine "that there is 'no just reason for delay' in certifying [the judgment] as final and immediately appealable." Lloyd Noland Found., 483 F.3d at 77 (quoting Curtiss-Wright Corp., 446 U.S. at 8).  This inquiry "requires the district court to balance judicial administrative interests and relevant equitable concerns." Ebrahimi, 114 F.3d at 165–66.

Consideration of judicial administrative interests "is necessary to ensure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).  A district court must consider "whether the claims under review were separable from the other[s] remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8.  Indeed, the Eleventh Circuit has cautioned against "hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." Ebrahimi, 114 F.3d at 167.

4

With these principles in mind, the Court fails to see how entering final judgment and allowing immediate appeal would promote the interests of judicial administration, and the Court finds it more likely that the apparently desired partial appeal would ultimately expend greater judicial resources than necessary. As an initial matter, the same operative facts serve as the basis for all of Plaintiff's claims: each claim is ultimately premised on Walp's actions, or inactions, with respect to his investigation of and report on the August 21, 2016, collision. See id. ("[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)."). If the Court certified a final judgment now, a different Eleventh Circuit panel would undoubtedly later have to relearn the same set of facts if and when the case returned on appeal of the final judgment of the still-pending claims. See id.

Moreover, the intertwining legal issues further indicate that a comprehensive appellate review is more appropriate than piecemeal litigation. For example, the Court granted summary judgment as to the City's Monell claims (which were based on Walp's conduct) but did not grant summary judgment as to Walp's individual liability for his investigation and report. (See generally doc. 64.) As the Court explained in the Order, to establish Monell liability, a plaintiff must first demonstrate that his constitutional rights were violated. (Id. at pp. 15–16 (citing Underwood v. City of Bessemer, 11 F.4th 1317, 1333 (11th Cir. 2021)).) Plaintiff's theory of recovery under Monell proposes the same constitutional violation that supports his Section 1983 claim against Walp—that is, Walp's deficient investigation and false report. Accordingly, if a factfinder ultimately rejects Plaintiff's Section 1983 claim against Walp, there would be no underlying constitutional violation to support Plaintiff's Monell claim against the City, mooting this issue on appeal. In other words, the dismissed Monell claim is not distinct and "separable from the claims remaining in the case." See Richardson v. City of New York, No. 04 CIV. 05314 (THK), 2007

5

WL 1732424, at *1–2 (S.D.N.Y. June 14, 2007) (denying entry of final judgment under Rule 54(b) because dismissed Monell claims against the city and surviving Section 1983 claim against probation officer were "inextricably interrelated"); Trujillo v. Campbell, No. 09-CV-03011-CMA-KLM, 2012 WL 4820583, at *2 (D. Colo. Oct. 10, 2012) (same).

The second factor, the consideration of "equitable concerns," limits certification to "instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Ebrahimi, 114 F.3d at 166 (citation omitted). As noted above, the Eleventh Circuit has stressed that Rule 54(b) certifications are reserved for the "unusual case" where the litigants have shown a "pressing need[] . . . for an early and separate judgment as to some claims or parties." Id. Defendants have only offered the general argument that the City "would need to await potentially lengthy litigation between Plaintiff and Defendant Walp before learning whether Plaintiff will appeal the Court's Order[]." (Doc. 65, p. 4.) The Court does not find this persuasive. As Plaintiff points out in his Response, discovery has been completed, no discovery motions are anticipated, and all Daubert issues are seemingly resolved. (Doc. 66, pp. 2–3 (citing docs. 39, 62).) Indeed, as Plaintiff has made perfectly clear in his briefing, he wants no further delay and anticipates trying the case as soon as it is set for trial. (See generally id.) With the current stage of the litigation, it seems, as Plaintiff argues, that entry of final judgment would, "[i]f anything, . . . represent an expansion of the proceedings and unnecessarily prolong the litigation," likely delaying Plaintiff's pursuit of his viable claims until well into 2025. (Id. at p. 2.)[2]

---

[2] Moreover, the fact that Defendants waited forty-nine days after the Court's Order to file this Motion weighs against their "pressing needs" argument. See Schaefer v. First Nat'l Bank, 465 F.2d 234, 236 (7th Cir. 1972) ("[A]s a general rule[,] it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates.").

6

Given the late stage of litigation, with a trial being the next logical progression, the Court sees no reason why entering final judgment now rather than waiting for a trial to conclude and appealing all issues together would somehow streamline litigation. In re Takata Airbag Prod. Liab. Litig., No. 23-11402, 2024 WL 1716491, at *2 (11th Cir. Apr. 22, 2024) ("Given the later stage of the proceedings, an immediate appeal is unlikely to meaningfully streamline the district court proceedings."); id. (Rule 54(b) certification improper where discovery had been completed and a relatively small number of the total claims remained pending); Peden v. Stephens, 50 F.4th 972, 978–79 (11th Cir. 2022) (denying Rule 54(b) certification because of a lack of "special circumstances" that may be present at an earlier stage in litigation); cf. Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 721 (11th Cir. 2021) (proper use of Rule 54(b) certification where the case was "still in the early stages of discovery," and the resolution of the appeal could streamline the litigation by minimizing the risk of duplicative discovery and modifying the scope of discovery); accord Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 630 (2d Cir. 1991) (Rule 54(b) certification inappropriate where there was "no indication that the remaining proceedings . . . would be abnormally protracted, and hence no indication that adherence to the normal timetable for appellate review of the [dismissed claims] would cause . . . any hardship or injustice").

## CONCLUSION

Given the strong presumption *against* Rule 54(b) certification, see Peden, 50 F.4th at 978, a party seeking final judgment must present something more than a statement that "no useful purpose can be served by postponing final disposition of claims which should not have been pursued," Ebrahimi, 114 F.3d at 167. Here, Defendants have failed to show, beyond general conclusory arguments, how judicial administrative interests and relevant equitable concerns would necessitate an immediate appeal, particularly when they are not the party seeking to make an appeal

7

and the party who would be in the position to appeal (here, Plaintiff) opposes the entry of final judgment and has no desire to appeal at this time.  Accordingly, in the absence of a clear showing by Defendants as to why an appeal would be more appropriate now, entry of final judgment is inappropriate, and the case will proceed within the ordinary course of litigation.  Defendants' Motion for Entry of Final Judgment is **DENIED**.  (Doc. 65.)

**SO ORDERED**, this 8th day of August, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA