**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

BRADLEY FEHRLE,

        Plaintiff,

        v.

THE MAYOR AND ALDERMEN OF THE
CITY OF SAVANNAH; and ROBIE WALP,

        Defendants.

CIVIL ACTION NO.: 4:22-cv-232

**O R D E R**

Presently before the Court is the parties' Joint Motion to Dismiss, wherein the parties jointly move for the dismissal with prejudice of Defendant Robie Walp from this civil action and entry of a Rule 54 final judgment in favor of the Mayor and Aldermen of the City of Savannah ("City of Savannah"). (Doc. 181.) For the reasons and in the manner described below, the Court **GRANTS** the Motion. (Id.)

Earlier in this case, in a March 29, 2024, Order, the Court granted the City of Savannah's motion for summary judgment as to all claims against it. (Doc. 64.) Although the Order dismissed the City of Savannah from this action, the Court declined Defendants' request for entry of final judgment pursuant to Federal Rule of Civil Procedure 54 at that time. (See docs. 65 & 67.) More recently, Plaintiff and Defendant Walp have reached a settlement, which has been approved by the

bankruptcy court overseeing Defendant Walp's pending bankruptcy proceeding. (See doc. 181-2.)  Accordingly, Plaintiff and Defendant Walp jointly request that Defendant Walp should be dismissed with prejudice from this case.  Federal Rule of Civil Procedure 41(a)(2) provides that, "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."  Plaintiff seeks a special term to the dismissal—that the Court retain jurisdiction to enforce the terms of the settlement agreement.  (Doc. 181, p. 2 (citing, 511 U.S. 375, 381 (1994)).  Defendant Walp states that he opposes this request, though he neglects to provide any grounds for his opposition.

Pursuant to the United States Supreme Court's opinion in Kokkonen v. Guardian Life Ins. Co., "[w]hen the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." 511 U.S. 375, 381 (1994).  Here, the Court has not been provided any reason for denying Plaintiff's request that it retain jurisdiction to enforce the settlement agreement, if necessary.  Accordingly, the Court **GRANTS** the Joint Motion to Dismiss, including Plaintiff's request regarding the retention of jurisdiction. (Doc. 181.)  Accordingly, all claims against Defendant Robie Walp are **DISMISSED WITH PREJUDICE**, but the Court **RETAINS** jurisdiction to enforce the terms of the settlement agreement reached by Plaintiff and Defendant Walp in this case, a copy of which has been provided to the Court, (see doc. 181-1, pp. 6–9).

The Court **DIRECTS** the Clerk of Court to **ENTER** an appropriate judgment reflecting the previously-ordered disposition of all claims against the City, (see doc. 64), as well as the

Court's retention of jurisdiction to enforce the terms of the settlement agreement between Plaintiff and Defendant Walp in this case, and to **CLOSE** this case.

**SO ORDERED**, this 19th day of May, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA